FRANK EVANS *vs.* W. R. MILLER and another.

March 5, 1888.

Specific Performance—Part-Performance.—Case considered as showing such part-performance of an agreement for the sale of land that specific performance should be decreed.

Same—Alternative Judgment for Damages.—The defendants cannot complain that the plaintiff, being still in possession, is allowed to recover damages for the refusal to convey, (unless the defendants should convey within a specified time,) since they may satisfy the judgment by conveying as they should be required to do.

Appeal by defendants from an order of the district court for Le Sueur county, *Edson,* J., presiding, refusing a new trial.

*J. B. Phelps,* for appellants.

*Peck & Brown,* for respondent.

DICKINSON, J.   This action is to compel the specific performance of an agreement of the defendants for the conveyance of a lot of land to the plaintiff or for damages.   The complaint alleges the making of the agreement, and the execution by the defendants of their written obligation to convey, being in the form of a bond for a deed, except that it was not under seal; that pursuant thereto, the plaintiff went into possession, and erected a house, and made other improvements, at an expenditure of $1,000; alleges a tender of the agreed price as named in the writing, and the defendants' refusal to convey. The answer admits the making and delivery of the written instrument, the possession of the plaintiff, and the erection of the house, with the consent of the defendants, subsequent to the execution and delivery of the writing; but puts in issue the alleged value of the improvements, and the tender of the price.   The evidence sustained the complaint as to the matters in issue, and the court made its decision to the effect that unless within a time specified the defendants should convey the premises and accept the price tendered, the plaintiff should have judgment for $800.

As to the defendants' contention that there was no completed contract, it is enough to say that the case, as admitted in the answer,

is one where there has been such part-performance that equity will compel complete performance. The defendants executed and delivered this instrument, which expressed their obligation to convey upon the payment of a specified price. They let the plaintiff into possession, and the latter, with their concurrence, made improvements far exceeding in value the price of the land. The plaintiff has tendered payment of the price. There was clearly a perfect agreement in the minds of the parties as to the conveyance on the one side, and the payment of the price on the other, and, although it be conceded that there was no effectual legal contract, yet the plaintiff is in equity entitled to a conveyance.

It is urged that the plaintiff ought not to recover on account of the improvements on the land so long as he is still in possession. The defendants have no reason to complain of the determination in this respect. They had the option to convey, as they were bound to do, and as they presumably might have done. The evidence justified the finding as to the measure of the recovery.

Order affirmed.